IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ALBINO NUNEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:24-cv-86 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Albino Nunez, an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

In July, 2020, pursuant to pleas of guilty entered in the 145th District Court of Nacogdoches County, Texas, Petitioner was convicted of retaliation and harassment by a person in a correctional facility. He was sentenced to 19 years of imprisonment. The convictions were affirmed by the Texas Court of Appeals for the Twelfth District. *Nunez v. State*, No. 12-20-00268-CR, 2022 WL 175661 (Tex. App.-Tyler Jan. 19, 2022). Petitioner does not state he filed a petition for discretionary review with the Texas Court of Criminal Appeals.

Petitioner states he filed a state Application for Writ of Habeas Corpus on January 2, 2024. The Texas Court of Criminal Appeals denied the Application without written order based on the findings of the trial court and its independent review of the record on March 27, 2024.

Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for a habeas corpus petition seeking relief from a state court criminal conviction. Title 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part as follows:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing an application by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed Application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction was affirmed by the intermediate appellate court on January 19, 2022. Petitioner does not state he filed a petition for discretionary review. His conviction therefore became final 30 days later, on February 18, 2022, when the time for filing a petition for discretionary review expired.[1] The period of limitations began to run on that date and expired one

---

[1] Texas Rule of Appellate Procedure 68.2(a) allows a defendant 30 days to file a petition for discretionary review.

year later, on February 21, 2023.[2] As the current Petition is dated March 29, 2024, the Petition was filed after the period of limitations expired.

Under other circumstances, the filing of Petitioner's state Application for Writ of Habeas Corpus in 2024 would have tolled the limitations period. However, as the limitations period had expired before the Application was filed, the filing of the Application did not toll the running of the limitations period.

Petitioner's grounds for review are not based upon newly discovered facts that could not have been discovered earlier. Further, Petitioner does not assert the state created an impediment to his bringing a federal petition for writ of habeas corpus at an earlier time or that his grounds for review are based upon a newly recognized right. Nor does he contend he is entitled to equitable tolling. As a result, his Petition is barred by the applicable statute of limitations.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge contained herein. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved

---

[2] February 18, 2023, fell on an Saturday. In addition, February 20, 2023, was a legal holiday. As a result, pursuant to Federal Rule of Civil Procedure 6(a), the deadline for Petitioner to file his Petition was extended until Tuesday, February 21, 2023.

party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

**SIGNED this the 16th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE